IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re:<br><br>LIFESCAN GLOBAL CORPORATION, *et al*.[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 25-90259 (ARP)<br><br>(Jointly Administered) |

**APPLICATION OF THE OFFICIAL
COMMITTEE OF UNSECURED CREDITORS
TO RETAIN AND EMPLOY PACHULSKI STANG ZIEHL & JONES LLP AS
CONFLICTS COUNSEL EFFECTIVE AS OF AUGUST 19, 2025**

> **IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING. UNLESS OTHERWISE DIRECTED BY THE COURT, YOU MUST FILE YOUR RESPONSE ELECTRONICALLY AT HTTPS://ECF.TXSB.USCOURTS.GOV/ WITHIN TWENTY-ONE DAYS FROM THE DATE THIS MOTION WAS FILED. IF YOU DO NOT HAVE ELECTRONIC FILING PRIVILEGES, YOU MUST FILE A WRITTEN OBJECTION THAT IS ACTUALLY RECEIVED BY THE CLERK WITHIN TWENTY-ONE DAYS FROM THE DATE THIS MOTION WAS FILED. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

The Official Committee of Unsecured Creditors (the "Committee") of LifeScan Global Corporation and its affiliated debtors (collectively, the "Debtors") hereby submits its application (this "Application"), pursuant to sections 328 and 1103 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2014-1 and 2016-1 of the *Bankruptcy Local Rules for the United States Bankruptcy Court for the Southern District of*

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: LifeScan Global Corporation (1872); DUV Holding Corp. (2522); DUV Intermediate Holding Corp. (2645); LifeScan Texas LLC (1307); DUV Intermediate Holding II Corp. (4829); LifeScan Inc. (8188); LifeScan IP Holdings, LLC (7450); LifeScan China, LLC (N/A) and LifeScan Institute LLC (8188). The location of Debtor LifeScan Global Corporation's principal place of business and the Debtors' service address in these Chapter 11 cases is 75 Valley Stream Parkway, Suite 201, Malvern, PA 19355.

*Texas* (the "Bankruptcy Local Rules"), for entry of an order authorizing and approving the employment of Pachulski Stang Ziehl & Jones LLP ("PSZJ" or the "Firm") as conflicts counsel to the Committee in connection with the Debtors' jointly-administered chapter 11 cases (the "Chapter 11 Cases"), effective as of August 19, 2025. In support of this Application, the Committee submits the declaration of Bradford J. Sandler (the "Sandler Declaration"), a partner of the Firm, attached hereto as **Exhibit B** and incorporated herein by reference, and the declaration of Matthew Varzally of CVS Pharmacy, Inc., the Chair of the Committee (the "Varzally Declaration" and, together with the Sandler Declaration, the "Declarations"), attached hereto as **Exhibit C** and incorporated herein by reference. In further support of the Application, the Committee respectfully represents as follows:

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this Application pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue of this proceeding and this Application is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The bases for the relief requested herein are sections 328 and 1103(a) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, Bankruptcy Local Rules 2014-1 and 2016-1, and Section R of the *Procedures for Complex Cases in the Southern District of Texas* (the "Complex Case Procedures").

## BACKGROUND

4. On July 15, 2025 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in this Court, thereby commencing these

Chapter 11 Cases.  The Debtors are authorized to continue operating their businesses and managing their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  The Debtors' Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b) and Bankruptcy Local Rule 1015-1.  *See* Docket No. 4.  No trustee or examiner has been appointed in these Chapter 11 Cases.

5. On July 28, 2025, the Office of the United States Trustee (the "U.S. Trustee") appointed the Committee pursuant to section 1102 of the Bankruptcy Code. The Committee consists of the following seven (5) members: (i) CVS Pharmacy, Inc. (Chair); (ii) OptumRx, Inc.; (iii) Eastman Chemical Germany Management GmbH & Co; (iv) Acolad Inc.; and (v) Foundever Operation Corporation Limited.  *See* Docket No. 122.

6. On July 30, 2025, the Committee held a meeting and, among other things, voted to retain Paul Hastings LLP ("Paul Hastings") as its lead bankruptcy counsel, subject to this Court's approval.  *See* Docket No. 223.

7. On August 19, 2025, the Committee held a meeting and, among other things, voted to retain PSZJ as its conflicts counsel with respect to certain potential or actual conflicts of the Committee's lead bankruptcy counsel.

8. On September 12, 2025, the Court approved the retention of Paul Hastings as lead counsel to the Committee, effective as of July 30, 2025.  *See* Docket No. 318.

## RELIEF REQUESTED

9. By this Application, the Committee respectfully requests that the Court enter an order, substantially in the form annexed hereto as **Exhibit A** (the "Proposed Order"), pursuant to sections 328 and 1103(a) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, Bankruptcy Local Rules 2014-1 and 2016-1, and Section R of the Complex Case Procedures, authorizing the

3

Committee to employ and retain PSZJ as its conflicts counsel in these Chapter 11 Cases, effective as of August 19, 2025.

10. The Committee has selected the Firm as its conflicts counsel in furtherance of the efficient representation of the Committee in these Chapter 11 Cases as described herein. The Committee seeks to retain PSZJ effective as of August 19, 2025 because the Firm began providing services to the Committee as of such date. The Committee believes that such retention is appropriate in these Chapter 11 Cases because the Committee required effective representation immediately upon its appointment, and PSZJ has been providing services to the Committee since August 19, 2025.

### PSZJ'S QUALIFICATIONS AND SERVICES TO BE RENDERED

11. The Committee seeks to retain PSZJ as its conflicts counsel because of the Firm's extensive expertise and knowledge in the field of debtors' and creditors' rights and business reorganizations under chapter 11 of the Bankruptcy Code. PSZJ has approximately eighty-five (85) attorneys with a practice concentrated on corporate reorganizations, bankruptcy, litigation, and commercial matters. The Firm's attorneys have comprehensive experience representing creditors' committees, debtors, creditors, trustees, and others in a wide variety of bankruptcy cases. Attorneys of the Firm have extensive experience representing creditors' committees in complex chapter 11 cases in this district and throughout the country, including in the cases of *CareMax Inc.*, *TGI Friday's Inc.*, *Conn's, Inc.*, *Hornblower Holdings LLC*, *Surgalign Holdings, Inc.*, *Party City Holdco Inc.*, *Cineworld Group plc*, *Altera Infrastructure LP*, *Talen Energy Supply, LLC*, *Sungard AS New Holdings, LLC*, *Agilon Energy Services*, *Limetree Bay Services*, *Tailored Brands*, *Neiman Marcus Group*, *Whiting Petroleum*, *Cobalt Energy*, *Erin Energy*, *Ignite Restaurants*, *Rockall Energy Holdings*, *Spherature Investments*,

*Studio Movie Grill*, *Rita Restaurants*, and *Reddy Ice*. Based on these facts, the Committee believes that the Firm is well-qualified to render the services described below.

12. The Committee submits that it is necessary and appropriate for it to employ and retain the Firm to provide, among other things, the following services to the extent that such matters constitute actual or potential conflicts for Paul Hastings (the "Special Matters"):

    a. assist the Committee in analyzing the claims of the Debtors' creditors and the Debtors' capital structure and in negotiating with holders of claims as they relate to the Special Matters;

    b. assist the Committee in its investigation of the acts, conduct, assets, liabilities, and financial condition of the Debtors and of the operation of the Debtors' businesses as they relate to the Special Matters;

    c. assist the Committee in its investigation of, *inter alia*, the liens and claims of the Debtors' lenders and the prosecution of any claims or causes of action revealed by such investigation; as they relate to the Special Matters

    d. assist and advise the Committee in communicating with unsecured creditors regarding significant matters in these Chapter 11 Cases as they relate to the Special Matters;

    e. represent the Committee at hearings and other proceedings as they relate to the Special Matters;

    f. assist the Committee in preparing pleadings and applications as may be necessary in furtherance of the Committee's interests and objectives as they relate to the Special Matters;

    g. prepare, on behalf of the Committee, any pleadings, including without limitation, motions, memoranda, complaints, adversary complaints, objections or comments in connection with any of the foregoing as they relate to the Special Matters.

13. PSZJ will coordinate closely with Paul Hastings and other retained Committee professionals to minimize any duplication of the services provided to the Committee by each professional and meet the scope of the services that each firm is retained to provide.

## **NO ADVERSE INTEREST AND DISCLOSURES REGARDING CONNECTIONS**

14. The Committee believes that PSZJ does not hold or represent any interest that is adverse to the Committee and the Debtors' estates and does not hold or represent any interest adverse to and has no connection with the Committee, the Debtors, the Debtors' creditors, or any party in interest herein in the matters upon which PSZJ is to be retained, except as set forth in the Sandler Declaration and subject to PSZJ's ongoing conflicts review.

15. To the best of the Committee's knowledge, and based upon the Sandler Declaration attached hereto, neither the Firm nor any of its attorneys have any connection with any party in interest, their attorneys or accountants, other than as set forth in the Sandler Declaration.

16. To the best of the Committee's knowledge, except as provided in the Sandler Declaration, neither the Firm, nor any of its attorneys represent any interest adverse to that of the Committee in the matters on which they are to be retained.

17. The Committee submits that its proposed employment of PSZJ as conflicts counsel is in the best interests of the Committee and its members.

18. While the Firm has undertaken, and continues to undertake, efforts to identify connections with the Debtors and other parties in interest, it is possible that connections with some parties in interest have not yet been identified. Should the Firm, through its continuing efforts or as these Chapter 11 Cases progress, learn of any new connections of the nature described above, the Firm will promptly file supplemental declarations, as required by Bankruptcy Rule 2014(a).

19. As more fully set forth in the Sandler Declaration, PSZJ represents many debtors and creditors' committees in other bankruptcy cases, and those debtors, the members of those

committees, or those estates may be creditors of the Debtors. However, the Firm will not represent any those debtors, creditors' committees, or their members with respect to any claims that they may have collectively or individually against the Debtors.

20. Similarly, PSZJ may represent, or may have represented, debtors, creditors' committees, or trustees in cases or proceedings against creditors of the Debtors that are unrelated to these Chapter 11 Cases.

## PROFESSIONAL COMPENSATION

21. Subject to Court approval and in accordance with sections 330(a) and 331 of the Bankruptcy Code and any applicable orders of this Court, compensation will be payable to PSZJ on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred by the Firm. PSZJ's current standard hourly rates are:

| | |
|---|---|
| **Partners** | $1,150 - $2,350 per hour |
| **Of Counsel** | $1,050 - $1,850 per hour |
| **Associates** | $725 - $1,225 per hour |
| **Paraprofessionals** | $575 - $650 per hour |

22. The hourly rates set forth above are subject to periodic adjustments to reflect economic and other conditions, and such changes will be noticed in accordance with the Bankruptcy Local Rules and/or practice.

23. The hourly rates set forth above are the Firm's current standard hourly rates for work of this nature. These rates are set at a level designed to fairly compensate the Firm for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses. It is the Firm's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's case. The expenses charged to clients include, among other things, telephone and telecopier toll and other charges, mail and express mail charges, special or hand delivery charges, document retrieval, photocopying charges, charges for mailing supplies

(including, without limitation, envelopes and labels) provided by the Firm to outside copying services for use in mass mailings, expenses for "working meals," computerized research, transcription costs, as well as non-ordinary overhead expenses such as secretarial and other overtime. The Firm will charge the Committee for these expenses in a manner and at rates consistent with charges made generally to the Firm's other clients and within the guidelines set forth in Bankruptcy Local Rules 2014-1 and 2016-1, and all amendments and supplemental standing orders of the Court. The Firm believes that it is more appropriate to charge these expenses to the clients incurring them than to increase the hourly rates and spread the expenses among all clients.

## NOTICE

24. The Committee will provide notice of this Application to: (i) the U.S. Trustee, (ii) counsel to the Debtors, and (iii) all parties listed on the Debtors' Master Service List. In light of the nature of the relief requested, the Committee submits that no other or further notice need be given.

## NO PRIOR REQUEST

25. No previous request for the relief sought herein has been made to this or any other Court.

[*Remainder of Page Intentionally Left Blank*]

**WHEREFORE**, the Committee respectfully requests the entry of an order, substantially in the form of the Proposed Order attached hereto, authorizing the Committee to employ and retain PSZJ as conflicts counsel, effective as of August 19, 2025, and granting such other and further relief as is just and proper.

Dated: September 18, 2025

**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF LIFESCAN GLOBAL CORPORATION, *ET AL.***

By: */s/ Matthew Varzally*
**CVS Pharmacy, Inc.**
**Matthew Varzally, Authorized Representative**
solely in his capacity as Chair of the Official Committee of Unsecured Creditors of LifeScan Global Corporation, *et al.*, and not in any other capacity

**Certificate of Service**

      I hereby certify that, on September 18, 2025, a true and correct copy of the foregoing document was caused to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

                                         */s/ Benjamin L. Wallen*
                                           Benjamin L. Wallen