**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| LifeScan Global Corporation, *et al.*,[1] | ) ) ) | Case No. 25-90259 (ARP) |
| Debtors. | ) ) | (Jointly Administered) |

**PORTER HEDGES LLP'S FINAL FEE APPLICATION FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES AS CO-COUNSEL TO THE DEBTORS AND DEBTORS IN POSSESSION, FOR THE PERIOD FROM JULY 15, 2025 THROUGH OCTOBER 27, 2025**

> **IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING. UNLESS OTHERWISE DIRECTED BY THE COURT, YOU MUST FILE YOUR RESPONSE ELECTRONICALLY AT HTTPS://ECF.TXSB.USCOURTS.GOV/ WITHIN TWENTY-ONE DAYS FROM THE DATE THIS APPLICATION WAS FILED. IF YOU DO NOT HAVE ELECTRONIC FILING PRIVILEGES, YOU MUST FILE A WRITTEN OBJECTION THAT IS ACTUALLY RECEIVED BY THE CLERK WITHIN TWENTY-ONE DAYS FROM THE DATE THIS APPLICATION WAS FILED. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: LifeScan Global Corporation (1872); DUV Holding Corp. (2522); DUV Intermediate Holding Corp. (2645); LifeScan Texas LLC (1307); DUV Intermediate Holding II Corp. (4829); LifeScan Inc. (8188); LifeScan IP Holdings, LLC (7450); LifeScan China, LLC (N/A) and LifeScan Institute LLC (8188). The location of Debtor LifeScan Global Corporation's principal place of business and the Debtors' service address in these Chapter 11 cases is 75 Valley Stream Parkway, Suite 201, Malvern, PA 19355.

18050535

**Complex Case Fee Application Coversheet (Hourly)**

| | |
|---|---|
| **Name of Applicant:** | Porter Hedges LLP |
| **Applicant's Role in Case:** | Co-Counsel to the Debtors and Debtors in Possession (the "Debtors") |
| **Docket No. of Employment Order(s):** | September 5, 2025 effective as of July 15, 2025 [Docket No. 298] |
| **Interim Application ( )**<br>**Final Application   ( X )** | Indicate whether this is an interim or final Application. If interim, indicate the number (1st, 2nd, 3rd, etc.) |

| | Beginning Date | End Date |
|---|---|---|
| **Time period covered by this Application for which interim compensation has not previously been awarded:** | July 15, 2025 | October 27, 2025 |

| | |
|---|---|
| **Were the services provided necessary to the administration of or beneficial at the time rendered toward the completion of the case?  ( Y ) Y/N** | |
| **Were the services performed in a reasonable amount of time commensurate with the complexity, importance and nature of the issues addressed?  ( Y ) Y/N** | |
| **Is the requested compensation reasonable based on the customary compensation charged by comparably skilled practitioners in other non-bankruptcy cases? ( Y ) Y/N** | |
| **Do expense reimbursements represent actual and necessary expenses incurred? ( Y ) Y/N** | |
| **Compensation Breakdown for Time Period Covered by this Application** | |
| **Total professional fees requested in this Application:** | $327,733.00 |
| **Total professional hours covered by this Application:** | 393.20 |
| **Average hourly rate for professionals:** | $833.50 |
| **Total paraprofessional fees requested in this Application:** | $118,903.00 |
| **Total paraprofessional hours covered by this Application:** | 267.80 |
| **Average hourly rate for paraprofessionals:** | $444.00 |
| **Total fees requested in this Application:** | $446,636.00 |
| **Total expense reimbursements requested in this Application:** | $7,243.37 |
| **Total fees and expenses requested in this Application:** | $453,879.37[2] |

---

[2]  Porter Hedges LLP inadvertently included post-confirmation fees and expenses incurred from October 28, 2025 through October 31, 2025 in the *Fourth Monthly Fee Statement of Porter Hedges LLP, as Co-Counsel to the Debtors and Debtors in Possession, for allowance of Compensation and Reimbursement of Expenses for the Period from October 1, 2025 Through October 31, 2025* [Docket No. 591] (the "Fourth Fee Statement"). As a result, this amount includes a deduction of $3,793.00 from the Fourth Fee Statement for the post-confirmation time inadvertently included therein.

18050535

| | |
|---|---|
| **Total fees and expenses awarded in all prior Applications:** | $312,363.31 |
| **Plan Status:** The *Amended Joint Chapter 11 Plan of Reorganization of LifeScan Global Corporation and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code (Technical Modifications)* [Docket No. 518] (the "Plan") was confirmed on October 27, 2025 [Docket No. 561] and the Effective Date of the Plan occurred on December 8, 2025 [Docket No. 619]. | |
| **Primary Benefits:** Porter Hedges LLP ("PH" or the "Applicant") represented the Debtors as co-counsel in the above-captioned chapter 11 cases (the "Chapter 11 Cases"). During the course of its representation of the Debtors, the Applicant worked alongside Milbank LLP to advise on a number of issues arising in the case, including: (i) obtaining the relief sought in the first day motions; (ii) obtaining employment for the Debtors' professionals; (iii) obtaining use of cash collateral; (iv) researching and providing advice related to the assumption and rejection of certain executory contracts; and (v) obtaining confirmation of the Plan. In addition, the Applicant provided legal advice and services related to local rules and practice, applicable in the Fifth Circuit and the Southern District of Texas, and administration of the Chapter 11 Cases. | |

PH files its *Final Fee Application for Allowance of Compensation and Reimbursement of Expenses as Co-Counsel to the Debtors and Debtors in Possession* (the "Fee Application") for the period from July 15, 2025 through October 27, 2025 (the "Application Period") as bankruptcy co-counsel to the debtors and debtors in possession (the "Debtors") in the above-captioned case and respectfully represents as follows:

## I.   PRELIMINARY STATEMENT

1.   PH worked in coordination with the Debtors' other professionals on a number of issues, provided advice on case issues and local practice and rules, and helped prepare co-counsel and other professionals for hearings. PH submits that it was necessary to expend the effort, energy, and time detailed in its time records to effectively represent the Debtors and obtain the best possible result. PH further submits that its services during the Application Period (described in greater detail below) warrant approval of the requested fees and expenses.

## II.   JURISDICTION

2.   PH submits this Fee Application pursuant to sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy

3

Procedures (the "Bankruptcy Rules"), Rule 2016-1 of the Bankruptcy Local Rules (the "Local Rules").

3. The Court has jurisdiction over the Application pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper pursuant to 28 U.S.C. § 1408.

### III. RELIEF REQUESTED

4. PH requests that the Court enter an order allowing PH's compensation for professional services rendered during the Application Period in the amount of $446,636.00 and reimbursement of actual and necessary expenses incurred by PH in the amount of $7,243.37.

### IV. BACKGROUND

5. On July 15, 2025, the Debtors commenced these Chapter 11 Cases by filing petitions for relief under chapter 11 of the Bankruptcy Code.

6. Additional information regarding the Debtors, including the Debtors' business operations, capital structure, financial condition, and the reasons for and objectives of the Chapter 11 Case, is set forth in the *Declaration of Valerie Asbury in Support of the Debtors' Chapter 11 Petitions and First Day Motions* [Docket No. 20] (the "Asbury Declaration").[3]

7. The Debtors filed the *Application for Entry of an Order Authorizing the Retention and Employment of Porter Hedges LLP as Co-Counsel for the Debtors and Debtors in Possession* [Docket No. 176] (the "PH Retention Application"), which the Court approved in its *Order Authorizing the Retention and Employment of Porter Hedges LLP as Co-Counsel for the Debtors and Debtors in Possession* [Docket No. 298] entered on September 5, 2025.

---

[3] Capitalized terms not otherwise defined herein have the meaning ascribed to them in the Asbury Declaration.

4

18050535

8.  The Court entered the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals* [Docket No. 294] (the "<u>Interim Compensation Order</u>") on September 5, 2025.

9.  Pursuant to the Interim Compensation Order, PH filed fee statements for services rendered and expenses incurred from July 15, 2025 through October 27, 2025:

| Period | Expenses Incurred | Fees Incurred | Total Fees and Expenses Paid |
|---|---|---|---|
| July 15, 2025 – July 31, 2025 | $576.55 | $75,560.50 | $76,137.05 |
| August 1, 2025 – August 31, 2025 | $1,559.77 | $132,803.00 | $134,362.77 |
| September 1, 2025 – September 30, 2025 | $802.49 | $101,061.00 | $101,863.49 |
| October 1, 2025 – October 31, 2025 | $4,304.56 | $137,211.50[4] | $0.00 |
| | | | |
| **Total:** | **$7,243.37** | **$446,636.00** | **$312,363.31** |

10. As of the date of this Fee Application, PH has not received any objections to its monthly fee statements.

11. This Fee Application requests that the Court approve, on a final basis, fees in the amount of $446,636.00 and reimbursement of expenses in the amount of $7,243.37 for services rendered by PH in the Chapter 11 Cases during the Application Period; and (b) award and order to be paid to PH the balance of any such fees and costs incurred after deducting payments made by the Debtors to PH pursuant to the Interim Compensation Order. Summary calculations of these fees and expenses are attached hereto as **<u>Exhibit C-1</u>** and **<u>Exhibit D</u>**, respectively.

12. The fees and expenses requested are reasonable and all amounts requested were for actual and necessary services rendered on behalf of the Debtors.

---

[4] As mentioned earlier, this amount includes a deduction of $3,793.00 from the Fourth Fee Statement for post-confirmation time billed from October 28, 2025 through October 31, 2025. That amount was inadvertently included in the Fourth Fee Statement.

5

18050535

13. PH reserves the right to request additional compensation for the Application Period to the extent that it is later determined that time or disbursement charges for services rendered or disbursements incurred during such time period have not yet been submitted.

14. PH has served as the Debtors' bankruptcy co-counsel and, in that capacity, has rendered legal services for the benefit of the Debtors.

15. No agreement or understanding exists between PH and any other entity for sharing of any compensation or reimbursement in this case.

16. On October 27, 2025, the Court entered an order confirming the Plan [Docket No. 561]. The Plan became effective on December 8, 2025 [Docket No. 619].

## V. **STANDARDS RELEVANT TO AWARDING REASONABLE COMPENSATION**

17. Section 330 of the Bankruptcy Code authorizes the Court to award PH reasonable compensation for its actual and necessary services rendered and reimbursement of its actual and necessary expenses incurred in the rendering of services as co-counsel to the Debtors. Section 330 provides:

> (a)(1) After notice to the parties in interest and to the United States Trustee and a hearing, and subject to sections 326, 328, and 329, the court may award to a trustee, a consumer privacy ombudsman appointed under section 332, an examiner, an ombudsman appointed under section 333, or a professional person employed under section 327 or 1103:
>
> (A) reasonable compensation for actual, necessary services rendered by the trustee, examiner, ombudsman, professional person or attorney and by any paraprofessional person employed by any such person; and
>
> (B) reimbursement for actual, necessary expenses.

11 U.S.C. § 330(a)(1).

18. This Fee Application substantiates the total amount that PH seeks for fees and expenses in accordance with each element of the customary standards applied to fee applications.

6

These standards are set forth in (i) Bankruptcy Rule 2016 and (ii) *In re First Colonial Corp. of America,* 544 F.2d 1291 (5th Cir. 1977), *cert. denied*, 431 U.S. 904 (1977).

19. In *First Colonial*, the Fifth Circuit adopted the following twelve factors to apply to the determination of awards of attorneys' fees in bankruptcy cases: (i) time and labor required; (ii) the novelty and difficulty of the questions; (iii) the skill requisite to perform the legal service properly; (iv) the preclusion of other employment by the professional due to acceptance of the case; (v) the customary fee; (vi) whether the fee is contingent or fixed; (vii) time limitations imposed by the client or the circumstances; (viii) the amount involved and the results obtained; (ix) the experience, reputation and ability of the attorneys; (x) the "undesirability" of the case; (xi) the nature and length of the professional relationship with the client; and (xii) awards in similar cases. *First Colonial*, 544 F.2d at 1298–99. These factors were taken from *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974), a non-bankruptcy case, and are commonly referred to as the "*Johnson* factors." The original *Johnson* factors, as embraced by *First Colonial,* remain applicable to the determination of reasonableness of fees awarded under the Bankruptcy Code. *See* 3 *Collier on Bankruptcy*, ¶ 330.03[9] (Matthew Bender 16th ed.). A majority of the *Johnson* factors are now codified under section 330(a) of the Bankruptcy Code. *Id.*

20. The Fifth Circuit has rejected the "hindsight" or "material benefit" standard that was originally set forth in *In re Pro-Snax Distributors, Inc.*, 157 F.3d 414 (5th Cir. 1998). In its place, the Fifth Circuit enunciated a new, prospective standard based on whether the services of counsel were reasonably likely to benefit the estate at the time which they were rendered. *See In re Woerner*, 783 F.3d 266, 276 (5th Cir. 2015). All services rendered by PH satisfy the *Woerner* standard because they were reasonably likely to benefit the estate at the time rendered.

7

## VI. NATURE AND EXTENT OF SERVICES PROVIDED BY PH

21. PH classified all services performed for which compensation is sought into seventeen (17) categories.[5] PH attempted to divide the services it rendered to the Debtors in the Chapter 11 Cases into appropriate categories. However, because certain services may relate to more than a single category, services pertaining to one category may be included in another category. Timekeeping entries, attached hereto as **Exhibit C**, provide detailed descriptions of the services PH rendered with respect to each of these categories. A Summary of Compensation Requested by Project Category is attached hereto as **Exhibit C-1**.

### A. ASSET ANALYSIS AND RECOVERY (0009)

22. Services rendered by PH in this category during the Application Period relate to review of notice of successful bidder and correspondence with co-counsel on the same.

23. PH expended 0.40 hours of professional time to provide such services. Professional fees in this category total $478.00.

### B. ASSET DISPOSITION (0010)

24. Services rendered by PH in this category during the Application Period include: (i) communications with co-counsel regarding asset sales, and (ii) review of a sale motion and related documents.

25. PH expended 5.90 hours of professional time to provide such services. Professional fees in this category total $4,005.50.

---

[5] PH performed services in seventeen (17) of the thirty-three (33) categories opened as matters in PH's timekeeping system.

### C. ASSUMPTION AND REJECTION OF LEASES AND CONTRACTS (0011)

26. Services rendered by PH in this category during the Application Period include: (i) internal correspondence and with co-counsel regarding rejection of executory contracts; (ii) research of legal issues related to rejection of executory contracts; (iii) review and comment on multiple motions to reject executory contracts; and (iv) review multiple objections to motions to reject executory contracts.

27. PH expended 44.60 hours of professional time to provide such services. Professional fees in this category total $36,605.00.

### D. CASE ADMINISTRATION (0002)

28. Services rendered by PH in this category during the Application Period include: (i) internal correspondence and with co-counsel regarding the filing of voluntary petitions and first day motions; (ii) internal correspondence and with co-counsel regarding case deadlines; (iii) correspondence with U.S. Trustee regarding various information requests related to the Debtors' business and operations; and (iv) monitoring the docket for the entry of orders and upcoming deadlines.

29. PH expended 8.50 hours of professional time to provide such services. Professional fees in this category total $6,343.50.

### E. CLAIMS ADMINISTRATION AND OBJECTIONS (0014)

30. Services rendered by PH in this category during the Application Period include: (i) internal correspondence and with co-counsel and financial advisors regarding creditor claims and inquiries; (ii) internal correspondence and with co-counsel regarding setting bar date for claims and preparation of motion on the same; (iii) research related to claim objections; (iv) internal

9

correspondence and with co-counsel and financial advisors regarding filing omnibus claims objection; and (v) preparation and filing of omnibus claim objection.

31. PH expended 23.20 hours of professional time to provide such services. Professional fees in this category total $17,773.00.

### F. CREDITOR MEETINGS AND COMMUNICATIONS (0004)

32. Services rendered by PH in this category during the Application Period relate to: (i) preparation with co-counsel and financial advisors for section 341 meeting of creditors and participation in same meeting; (ii) correspondence with co-counsel regarding creditor issues; and (iii) return of creditor calls.

33. PH expended 6.10 hours of professional time to provide such services. Professional fees in this category total $4,487.50.

### G. DEBTOR FEES/EMPLOYMENT APPLICATIONS (0027)

34. Services rendered by PH in this category during the Application Period include: (i) internal correspondence and with co-counsel regarding retention of the Debtors' professionals; (ii) preparation and filing of retention applications for the Debtors' professionals; (iii) review of ordinary course professional and interim compensation motions along with correspondence with co-counsel on same motions and related matters; and (iv) preparation and filing of fee statements and/or interim fee applications for the Debtors' professionals.

35. PH expended 123.00 hours of professional time to provide such services. Professional fees in this category total $77,932.00.

### H. DEBTOR MEETINGS AND COMMUNICATIONS (0005)

36. Services rendered by PH in this category during the Application Period include: (i) internal correspondence and with co-counsel regarding anticipated filings for each week; and

(ii) correspondence between the Debtors' professionals regarding the Debtors' statement of financial affairs and schedules of assets and liabilities.

37. PH expended 3.30 hours of professional time to provide such services. Professional fees in this category total $2,239.50.

### I. DIP AND EXIT FINANCING/CASH COLLATERAL/CASH MANAGEMENT (0015)

38. Services rendered by PH in this category during the Application Period include: (i) review of cash collateral and cash management motions; (ii) internal correspondence and with co-counsel regarding cash collateral and cash management motions, including U.S. Trustee's and Committee's comments thereon; and (iii) preparation and filing of cash management and cash collateral pleadings.

39. PH expended 11.80 hours of professional time to provide such services. Professional fees in this category total $9,344.00.

### J. HEARINGS (0006)

40. Services rendered by PH in this category during the Application Period relate to: (i) preparation for and attendance at various hearings and status conferences held during the Chapter 11 Cases; (ii) internal correspondence and with co-counsel regarding hearing preparation; (iii) submission of hearing transcript requests and circulation of hearing transcripts; and (iv) preparation and filing of witness and exhibit lists and agendas.

41. PH expended 121.70 hours of professional time to provide such services. Professional fees in this category total $72,364.50.

### K. LITIGATION (0017)

42. Services rendered by PH in this category during the Application Period include: (i) review of rebate creditors' 2004 requests; (ii) review and comment on protective order;

11

(iii) review and comment on draft responses for requests for production; (iv) review and comment on notice of deposition; and (v) review of discovery requests to rebate creditors and motion compel discovery responses thereto.

43. PH expended 9.40 hours of professional time to provide such services. Professional fees in this category total $8,064.00.

### L. MOTIONS (0018)

44. Services rendered by PH in this category during the Application Period include: (i) review and preparation of first and second day motions and related pleadings; (ii) internal correspondence and with co-counsel regarding first and second day motions; (iii) review and preparation of various motions and stipulations, such as the bar date motion and stipulation on Committee's standing to prosecute certain claims on behalf of the Debtors' estates; and (iv) review and preparation of certificates of no objection for various motions and applications.

45. PH expended 97.10 hours of professional time to provide such services. Professional fees in this category total $55,723.50.

### M. PLAN AND DISCLOSURE STATEMENT AND CONFIRMATION (0016)

46. Services rendered by PH in this category during the Application Period relate to: (i) review and comment on the Plan, the disclosure statement, the confirmation brief, declarations, and the solicitation procedures motion; (ii) internal correspondence and with co-counsel regarding confirmation issues; (iii) review of objections to disclosure statement and plan confirmation; (iv) research regarding plan confirmation issues; (v) preparation and filing of the Plan, disclosure statement, plan supplements, related documents and notices, and amended versions or supplements of the foregoing; and (vi) preparation for hearings on disclosure statement and plan confirmation.

12

47. PH expended 140.00 hours of professional time to provide such services. Professional fees in this category total $99,357.00.

### N. RELIEF FROM STAY AND ADEQUATE PROTECTION PROCEEDINGS (0008)

48. Services rendered by PH in this category during the Application Period include: (i) review of Facet Technologies LLC's stay relief motion; (ii) internal correspondence and with co-counsel regarding issues with stay relief motion; (iii) review and comment on objection to stay relief motion; and (iv) review and comment on stipulation and agreed order on stay relief motion.

49. PH expended 13.90 hours of professional time to provide such services. Professional fees in this category total $12,066.50.

### O. REPORTING (0032)

50. Services rendered by PH in this category during the Application Period include: (i) correspondence with the Debtors' professionals and/or the U.S. Trustee regarding the initial debtor interview and materials required to be submitted for the same; (ii) internal correspondence and with co-counsel and the Debtors regarding the initial debtor interview and meeting of creditors; (iii) internal correspondence and with co-counsel regarding monthly operating reports, schedules of assets and liabilities, and statements of financial affairs; (iv) review of draft monthly operating reports and global notes thereto; and (v) preparation and filing of the monthly operating reports, schedules of assets and liabilities, and statements of financial affairs.

51. PH expended 51.40 hours of professional time to provide such services. Professional fees in this category total $39,016.00.

### P. TAX (0022)

52. Services rendered by PH in this category during the Application Period relate to correspondence with co-counsel concerning tax claims.

18050535

53.     PH expended 0.30 hours of professional time to provide such services. Professional fees in this category total $358.50.

### Q.     UCC MEETINGS AND COMMUNICATIONS (0003)

54.     Services rendered by PH in this category during the Application Period relate to correspondence with co-counsel regarding the Committee's appointment and advisors.

PH expended 0.40 hours of professional time to provide such services. Professional fees in this category total $478.00.

## VII. ADDITIONAL STANDARDS FOR AWARDING OF ATTORNEYS' FEES

### A.     NOVELTY AND DIFFICULTY OF LEGAL PROBLEMS INVOLVED

55.     The first *Johnson* factor examines the degree of novelty and difficulty of the issues encountered by PH. With respect to the matters described herein, numerous difficult and complex legal problems have been addressed and considered by PH, all of which have required knowledge of the application of the Bankruptcy Code, the Bankruptcy Rules, and court decisions interpreting the same.

### B.     CUSTOMARY FEE

56.     The next relevant factor to be considered is the reasonable hourly rate by which the reasonable number of hours expended by PH are to be multiplied. Subsumed in this analysis are the following guidelines, as noted in *Johnson*: the customary fee charged by the applicant, awards in similar cases, the level of skill necessary, the amount involved, the results obtained, the reputation of the professional and the undesirability of the case.

57.     PH's hourly billing rates, as set out in **Exhibit B**, are computed at the rates PH regularly charges its hourly clients.

58. The hourly rates charged by PH are also lower than or commensurate with the customary fees charged by professionals of similar experience, reputation and abilities in this community, as well as those rates charged regionally and nationally. Additionally, the hourly rates charged by PH are consistent with the amount involved in this case, the results obtained by PH, and the level of skill necessary to perform the work. Accordingly, the hourly billing rates charged by PH are reasonable.

### C. SKILL REQUIRED FOR PERFORMANCE OF LEGAL SERVICES

59. The number of difficult issues and matters addressed in the Chapter 11 Cases required a high degree of skill and expertise. PH's attorneys, with varying levels of experience and seniority, have been used effectively and efficiently to perform the tasks assigned to them and have provided valuable and effective assistance to the Debtors. A thorough understanding of the Bankruptcy Code and Bankruptcy Rules was blended with business expertise to assist the Debtors. The compensation requested by PH is consistent with the compensation awarded in other cases of similar size and complexity.

### D. RESULTS OBTAINED

60. This case has been handled in a professional and cost-effective manner. The requested compensation is reasonable in view of the time expended, the parties involved, and the results obtained in the case to date, namely a confirmed chapter 11 plan that has gone effective.

### E. EXPERIENCE, REPUTATION, AND ABILITY OF PH

61. PH's attorneys, over many years, have appeared throughout the United States providing legal representation to trustees, debtors, secured creditors, unsecured creditors, and creditors' committees in proceedings under the Bankruptcy Code. Further, partners of PH, including those who have provided legal services in the instant case, have for many years actively

15

participated in leadership positions in local, state, and national bar associations, and have written for local and national publications and spoken at local, state, and national institutes for continuing legal education in the creditors' rights and bankruptcy areas. PH's attorneys are experienced in all aspects of bankruptcy matters, possess a high level of expertise, and have an excellent reputation in the business and legal communities. Furthermore, PH has particular experience in the areas of insolvency, workout, and corporate reorganization.

### F. CONTINGENT NATURE OF FEES AND UNDESIRABILITY OF CASE

62. No contingent fees are requested in the Chapter 11 Cases.

### G. TIME LIMITATIONS IMPOSED BY THE CASE

63. The time demands of this representation have not resulted in a disproportionate allocation of resources by PH.

64. The fees and expenses requested from July 15, 2025 through October 27, 2025, total $453,879.37 which amount consists of $446,636.00 in fees and expenses of $7,243.37. PH rendered 661.0 hours in legal services to the Debtors during the Application Period.

65. As shown by this Fee Application and supporting exhibits, PH spent its time economically and without unnecessary duplication of time. For the convenience of the Court and all parties in interest, attached as **Exhibit A** is a comparison of blended hourly rates, as required by the Guidelines. **Exhibit B** is a summary of the hours expended by the attorneys and paraprofessionals during the Application Period.

66. The following statement is provided pursuant to ¶ C.5. of the Appendix B Guidelines.

18050535

(a) **Question**: Did you agree to any variations from, or alternatives to, your standard or customary billing rates, fees or terms for services pertaining to this engagement that were provided during the application period?

**Answer**: No.

(b) **Question**: Have any of the professionals included in this fee application varied their hourly rate based on the geographic location of the bankruptcy case?

**Answer**: No.

(c) **Question**: Does the fee application include time or fees related to reviewing or revising time records or preparing, reviewing, or revising invoices? (This is limited to work involved in preparing and editing billing records that would not be compensable outside of bankruptcy and does not include reasonable fees for preparing a fee application.). If so, please quantify by hours and fees.

**Answer**: No.

(d) **Question**: Does this fee application include time or fees for reviewing time records to redact any privileged or other confidential information? If so, please quantify by hours and fees.

**Answer**: No.

(e) **Question**: If the fee application includes any rate increases since retention: (i) Did your client review and approve those rate increases in advance? (ii) Did your client agree when retaining the law firm to accept all future rate increases? If not, did you inform your client that they need not agree to modified rates or terms in order to have you continue the representation, consistent with ABA Formal Ethics Opinion 11-458?

**Answer**: Not applicable.

67. PH requests that this Court award PH final fees and expenses in the amount of $453,879.37 for the period from July 15, 2025 through October 27, 2025 as an administrative

17

expense claim of Applicant against the Debtors' estates, which amount consists of $446,636.00 in fees and $7,243.37 in expenses.

68. These fees and costs were necessary for the proper and successful administration of the Chapter 11 Cases. PH made every effort to keep all fees and costs to a minimum.

69. The following is a brief explanation of the expenses incurred by PH:

    a. PH charged for court related filing fees at the provider's cost without markup.

    b. PH charged for photocopying at the rate of $0.15 per page and reproduction services at the provider's cost without markup.

    c. PH charged for computer assisted legal research and computer services utilized in furtherance of the Debtor at the provider's cost without markup.

    d. PH charged for the cost of court reporters, deposition expenses, and document retrieval incurred in furtherance of the Debtor, at the provider's cost without markup.

    e. PH charged for long distance charges incurred in hosting frequent multi-party telephone conferences where numerous parties were required at the provider's cost without markup.

70. At all times covered by this Fee Application, PH diligently fulfilled its duty as counsel for the Debtors. All services rendered by PH benefitted the estate at the time that such services were rendered. Services performed by PH throughout this case were done in a professional, skilled, and expeditious manner, requiring substantially less time than would have been required by counsel with less experience. Every action of PH was taken to reduce the legal hours expended and matters not demanding the services of senior attorneys were assigned to junior associates, or paralegals.

71. No agreement exists between PH and any other person, firm or entity for division or sharing of compensation in the Chapter 11 Cases.

72. The above narrative portion of this Fee Application is primarily intended to serve as a summary recapitulation of the major areas of PH's activities and responsibilities. The exhibits provide complete recapitulations of the acts taken by PH on behalf of the Debtors during the Chapter 11 Cases.

WHEREFORE, PH requests that this Court (a) approve compensation for services rendered by PH during the Application Period in the total amount of $453,879.37, which amount consists of $446,636.00 in fees and expenses of $7,243.37; (b) award and order to be paid to PH the balance of such fees and costs incurred to be paid from funds available in the Debtors' estates; and (c) for such other and further relief as may be just and proper.

*[Remainder of page intentionally left blank]*

| | |
|---|---|
| Dated:  December 9, 2025<br>　　　　Houston, Texas | Respectfully submitted,<br><br>By: */s/ John F. Higgins*<br>**PORTER HEDGES LLP**<br>John F. Higgins (TX Bar No. 09597500)<br>M. Shane Johnson (TX Bar No. 24083263)<br>Megan Young-John (TX Bar No. 24088700)<br>James A. Keefe (TX Bar No. 24122842)<br>Grecia V. Sarda (TX Bar No. 24132092)<br>1000 Main St., 36th Floor<br>Houston, Texas 77002<br>Telephone: (713) 226-6000<br>Facsimile: (713) 226-6248<br>jhiggins@porterhedges.com<br>sjohnson@porterhedges.com<br>myoung-john@porterhedges.com<br>jkeefe@porterhedges.com<br>gsarda@porterhedges.com<br><br>*Co-Counsel for Debtors in Possession* |

**CERTIFICATE OF SERVICE**

　　　　I certify that on December 9, 2025, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

　　　　　　　　　　　　　　　　　　　　　　　　　　　*/s/ John F. Higgins*
　　　　　　　　　　　　　　　　　　　　　　　　　　　John F. Higgins

20

18050535